## AFFIDAVIT OF SPECIAL AGENT

I, Jeff Fidler, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Department of Homeland Security ("HSI") and have been so employed since 2008. Among other things, I am responsible for conducting investigations of potential violations of federal criminal laws, including 18 U.S.C. § 1546(a). During my tenure as an agent, I have participated in numerous criminal and human rights investigations.

2. As an HSI Special Agent, I have received training and gained experience in searches and seizures, the use of confidential human sources, electronic and video surveillance, international and domestic terrorism, drug offenses, violent crimes, computer crimes, money laundering, fraud, human rights violations, violations of immigration and customs law, and various other crimes. I have executed numerous affidavits in support of federal search warrants and criminal complaints and have participated in the execution of numerous search warrants.

3. I am currently investigating Jean Morose Viliena ("VILIENA"), a fifty-year old black male with black hair, of average height and build for federal criminal offenses. VILIENA lives at 50 Judson Street in an apartment on the second floor, in Malden, Massachusetts (the "Target Residence"). There is only one apartment on the second floor.

4. This affidavit is submitted in support of applications under Rule 41 of the Federal Rules of Criminal Procedure for two search and seizure warrants to search (1) VILIENA's person and (2) the "Target Residence", as more particularly described in Attachment A, which is attached hereto and incorporated herein by reference.

5. As described in detail below and the evidence gathered to date in this ongoing

investigation, I have probable cause to believe, and do in fact believe, that on or about ~~June 8,~~ July 14 [JCB] 2008, VILIENA, did knowingly use and possess a Permanent Resident Card (commonly referred to as a "green card" or "PRC"), in the name JEAN MOROSE VILIENA, which VILIENA knew to be procured by means of a false claim and statement. VILIENA made a false statement with respect to a material fact in his Application for Immigrant Visa and Alien Registration Form DS-230, which VILIENA presented at the United States Embassy Consular Office in Port au Prince in order to obtain a visa and a green card. Specifically, the defendant falsely stated that he had not "ordered, carried out or materially assisted in extrajudicial and political killings and other acts of violence against the Haitian people," in violation of 18 U.S.C. § 1546(a).

6. In addition, the facts set forth herein establish probable cause to believe that the Target Residence and VILIENA contain evidence, fruits, and instrumentalities of this offense. A more specific list of the items to be seized may be found in Attachment B, which is attached hereto and incorporated herein by reference.

7. The information in this affidavit is based upon my training and experience, my personal knowledge of this investigation, and information provided to me by other special agents and law enforcement officials who have assisted in this investigation and have experience investigating international terrorism and national security matters. In submitting this affidavit, I have not included each and every fact known to me about the investigation, but instead have included only those facts which I believe are sufficient to establish the requisite probable cause. All conversations and statements described in this affidavit are related in substance and in part only unless otherwise indicated.

## RELEVANT LEGAL AUTHORITY

8. Title 18, United States Code, Section 1546(a) makes it illegal for anyone to

knowingly use, attempt to use, possesses, obtain, accept, or receive any immigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to have been procured by means of any false claim or statement.

## SUMMARY OF INVESTIGATION

9. During this investigation, I determined that JEAN MOROSE VILIENA ("VILIENA") is a Haitian citizen who is a lawful permanent resident of the United States. VILIENA resides at the Target Residence.

10. In December 2006, VILIENA was elected to a four-year term as Mayor of Les Irois as a candidate for the Haitian Democratic and Reform Movement ("MODEREH") political party. VILIENA held that position until approximately February 2010. As a candidate and as a Mayor, VILIENA was backed by a political machine called KOREGA, which exerts power throughout the southwestern region of Haiti through armed violence. VILIENA personally supervised his mayoral staff and security detail and led an armed group in Les Irois aligned with KOREGA. Under VILIENA's direct supervision, the KOREGA militia enforced VILIENA's policies by various means, including by targeting political opponents in Les Irois through armed violence.

11. Witness One is a Haitian citizen who, in or around July 27, 2007, spoke at a judicial proceeding in Les Irois on behalf of a neighbor who had been assaulted that morning by VILIENA. In reprisal for that testimony, that evening, VILIENA led an armed group to Witness One's home, where VILIENA and his associates shot and killed Witness One's younger brother ("Victim One"), and then smashed Victim One's skull with a large rock before a crowd of bystanders.

12. In or around March 2008, a group of local journalists and activists founded a community radio station ("the radio station"). VILIENA opposed establishment of the radio station and, on April 8, 2008, mobilized members of his staff and the KOREGA militia to forcibly shut down the radio station and seize its broadcasting equipment. At that time, VILIENA distributed firearms to the KOREGA militia members, some of whom also carried machetes, picks, and sledgehammers.

13. Victim Two was a citizen of Haiti who rented out part of his home to the radio station. On the day of the attack on the radio station, VILIENA pistol whipped Victim Two with his gun and struck him with his fists. When Victim Two tried to flee, VILIENA ordered one of his associates to shoot and kill Victim Two. Shots were fired which hit Victim Two in the leg. Victim Two spent several months in various hospitals and his leg was later amputated above his knee.

14. Witness Two is a citizen of Haiti who became a target of VILIENA because of his association with the radio station. On the day of the attack of the radio station, Witness Two was at the radio station and when Witness Two tried to flee with Victim Two, Witness Two was hit by a bullet in the face. Witness Two required months of intensive medical treatment, including two surgeries to extract shotgun pellets from his face, which left Witness Two permanently blind in one eye. Pieces of shotgun pellets remain in Witness Two's scalp and arms.

15. VILIENA and seventeen other individuals were indicted in a Haitian criminal court for the murder of Eclesiaste Boniface and the attack on the radio station that injured Nissage Martyr and Juders Yseme. After a series of decisions and remands, VILIENA was ultimately acquitted in April 2016.

16. Transcripts from the date of the acquittal indicate that only VILIENA was

questioned; there is no indication of any witness testimony. Additionally, at least one witness has reported that he was prevented from attending a trial involving these same incidents of violence, and was blocked outside the Haitian courthouse by VILIENA's supporters on motorcycles who were throwing stones and firing shots.

17. On June 3, 2008, VILIENA presented himself at the United States Embassy Consular Office in Port au Prince, Haiti where he submitted an Application for Immigrant Visa and Alien Registration, Form DS-230 in order to gain entry to the United States. The form specifically requires that each applicant state whether they are a member of any class of individuals that are excluded from admission into the United States, including those who have "ordered, carried out or materially assisted in extrajudicial and political killings and other acts of violence against the Haitian people." VILIENA responded that he was not. This answer was false as evidenced by the information contained in the above paragraphs 10 through 14, above. VILIENA thereafter swore to, or affirmed, before a U.S. Consular Officer that the contents of the application were true and signed the application.

18. On or about June 4, 2008 and based upon VILIENA's false representations in the Application for Immigrant Visa and Alien Registration Form DS-230, the U.S. Department of State approved VILIENA's DS-230 application.

19. On or about July 14, 2008 – as the result of the approval of his DS-230 application – VILIENA gained entry into the United States using the visa that he knew had been procured through fraud and making false statements, in violation of 18 U.S.C. § 1546. As a result, VILIENA was granted lawful permanent resident status in the United Status and was provided with a Permanent Resident Card ("PRC"), which he has continued to possess and use on numerous occasions, including for travel and to enter the United States.

20. A PRC is a document prescribed by statute or regulation for entry into, or as evidence of, an authorized stay or employment in the United States.

21. The Immigration and Nationality Act (§ 264(e)) (8 U.S.C. § 1304) mandates that all permanent residents carry their PRC with them at all times. A photocopy is not acceptable.

22. I have reviewed records of the United States Customs and Border Protection (CBP) which indicate that, on May 15, 2018, VILIENA possessed and used his PRC when he applied for a new PRC at the United States Citizenship and Immigration Service Office ("USCIS") in Revere, Massachusetts.

23. I have reviewed CBP records which indicate that, on November 4, 2020, VILIENA possessed and used his PRC to enter the United States at Boston Logan Airport from outside the United States.

24. I have reviewed records of CBP which indicate that, as recently as October 9, 2022, VILIENA used and possessed his PRC to enter the United States, at the Vermont border crossing, from Canada. I have also interviewed the CBP officer to whom VILIENA showed his PRC as proof of his lawful resident status in order to enter the United States. VILIENA was in a car crossing the border from Canada and, when questioned by the CBP officer, VILIENA stated that he was on his way "home." VILIENA provided the Target Residence as his address to the CBP officer. Previously, in a civil deposition on November 1, 2021, VILIENA stated that he resided at the Target Residence. He also stated that since residing in the United States, he has always lived in Malden, Massachusetts.

25. On March 8, 2023, the U.S. Postal Inspection Service confirmed that VILIENA receives mail at the Target Residence..

26. A Lexis Nexis database search on March 14, 2023, confirmed that VILIENA had

6

an active address at the Target Residence.

27. On March 14, 2023, the undersigned, with the assistance of the Malden Police, conducted surveillance on VILIENA. The undersigned special agent followed VILIENA from the United States District Court for the District of Massachusetts to the Target Residence. VILIENA was traveling with an unknown black male in a gray Honda CRV registered to VILIENA. An officer with the Malden Police observed VILIENA exit his vehicle and enter the Target Residence.

28. On March 15, 2023, your affiant SA Fidler reviewed pole camera footage in front of the Target Residence and observed VILIENA entering the Target Residence.

29. On March 17, 2023, in a federal civil trial in the district of Massachusetts, the defendant testified under oath that he resides at the Target Residence.

**Probable Cause to Believe Evidence of the Crime Will Be Found on the Target Person and in the Target Residence**

*The Target Person*

30. I know, based on my investigation, surveillance conducted by other federal investigators and my conversations with those investigators, that VILIENA is a fifty-year old black male born on June 20, 1972, with black hair, and is of average height and build. Based upon multiple sources, including physical surveillance, VILIENA is known to reside at the Target Residence , and is the only male known to reside at that address. There is probable cause to believe– that investigators will find evidence of a violation of Section 1546(a) on the person of VILIENA. I believe this because, as a lawful permanent resident, VILIENA is required by the Immigration and Nationality Act (§264(e)) (8 U.S.C. § 1304) to carry with him and have in his personal possession evidence of permanent resident status. I also know this because on the

occasions that VILIENA has entered the United States, as mentioned in paragraphs 22 through 24, he was in possession of his PRC as noted in the records that I have reviewed of the United States Customs and Border Protection. Thus, there is probable cause to believe that VILIENA will have the PRC on his person.

### *The Target Residence*

31. There is also probable cause to believe — that investigators will find evidence of violation of Section 1546(a), namely the PRC, within the Target Residence if it is not on VILIENA's person. Again, as a lawful permanent resident, VILIENA is required by the Immigration and Nationality Act (§ 264(e)) (8 U.S.C. § 1304) to carry with him and have in his personal possession evidence of permanent resident status. Thus, it seems probable that, if VILIENA does not have the PRC on his person, it is likely to be in the Target Residence.

32. Based upon my training and experience, as well as information learned from other agents involved in this investigation and other investigations of this kind, I am aware that individuals generally retain on their person and in their homes, documents, records, and physical objects of personal significance. These documents include records concerning identity and, if the individual is not originally from this country, records concerning immigration to, and naturalization in, the United States, as well as their immigration to and from other countries. I also know that people tend to retain such records for long periods of time because identity and immigration documents remain valuable to individuals.

33. Based on my training and experience, information gathered by myself and other HSI agents during this investigation, and through consultations with colleagues from HSI who have investigated individuals who participated in human rights and war crime investigations, I know that suspects often maintain in their homes, documents, mementos, keepsakes, photos,

journals, and souvenirs that are evidence of the falsity of the misrepresentations they have made on the immigration paperwork to hide their participation in prohibited acts.

34. I also know, based upon my knowledge and experience investigating immigration law violations, that individuals who have immigrated to the United States commonly retain in their homes, documents and other materials from their lives outside the United States including:

a) documents and physical objects relating to affiliation and association with militias, similar organizations, and political movements in other countries, including but not limited to, photographs, memorabilia, publications, propaganda, and other paraphernalia;

b) documents and physical objects relating to their identity and their country of origin, including, but not limited to, photographs, memorabilia, newspaper articles, birth certificates, school records, hospital records, foreign work permits, personal court records, foreign government-issued documentation and identification; and,

c) documents and physical objects related to their immigration to and naturalization in the United States, and their immigration to and from other countries, which may reveal inconsistencies about their immigration history.

### *REQUEST TO SEAL AND PRECLUDE NOTICE TO DEFENDANT*

35. I request that this application, order, and any related papers be sealed by the Court until such time as the Court, pursuant to Local Rule 7.2, directs otherwise.

### CONCLUSION

36. Based on the information described above, I have probable cause to believe that VIIENA used and possessed a Permanent Resident Card, in the name JEAN MOROSE VILIENA, which the defendant knew to be procured by means of a false claim and statement

that he made in an Application for Immigrant Visa and Alien Registration Form DS-230, which VILIENA presented at the United States Embassy Consular Office in Port au Prince, with respect to a material fact, in that the defendant falsely stated that he had not "ordered, carried out or materially assisted in extrajudicial and political killings and other acts of violence against the Haitian people," in violation of 18 U.S.C. § 1546(a).

37. Based on the information described above, I also have probable cause to believe that evidence, fruits, and instrumentalities of this crime, as described in Attachment B, are contained within the Target Residence, as described in Attachment A, and on VILIENA's person.

JEFF FIDLER
Special Agent, HSI

Attested to before me by telephone on this _21_ day of March 2023.

Hon. Jennifer C. Boal
UNITED STATES MAGISTRATE JUDGE